IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:11-CV-16-H

OWEN HARTY,

    Plaintiff,

v.

PENNSYLVANIA REAL ESTATE
INVESTMENT TRUST,

    Defendant.

**ORDER**

This matter is before the court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing. Plaintiff has responded as well as filed supplemental authority. This matter is ripe for adjudication.

On January 17, 2011, plaintiff filed this action under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189. Defendant argues that plaintiff failed to sufficiently demonstrate an "injury in fact" as required to establish standing.

"[T]he irreducible constitutional minimum of standing contains three elements." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). These three elements are (1) an injury in

fact that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that a favorable decision will redress the injury. Id. at 560-61.

The court has carefully reviewed this matter and finds that plaintiff has demonstrated enough at this stage of the litigation to establish standing. The court notes that plaintiff has, by affidavit, informed the court that he has concrete plans to return to defendant's business the first week of August 2011. See City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (plaintiff must show substantial likelihood of a "real or immediate threat that he will be wronged again.")

Therefore, defendant's motion to dismiss [DE #8] is DENIED.

This 14th day of February 2012.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26